UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| THE NATURE CONSERVANCY | ) | |
| | ) | |
| v. | ) | NO. 2:07-CV-122 |
| | ) | |
| DON BROWDER, *ET AL.* | ) | |

**MEMORANDUM OPINION AND ORDER**

On May 30, 2007, the plaintiff, The Nature Conservancy ("TNC"), filed a complaint, [Doc. 1], with this Court against the Shady Valley Watershed District ("District"), Unformed Watershed District ("Unformed District"), Don Browder, Vance Gentry, Earl B. Howard, Jr., Gerald Buckles, Wayne Duncan, Garry Dunn, Earl B. Howard, Sr., and Randy McQueen, seeking first a declaratory judgment that District has been dissolved by operation of law, that TNC's property in Johnson County, Tennessee, is free from any and all easements held by the defendants, and that the Unformed District does not hold any property rights once held by the dissolved District. Second, TNC seeks to quiet the title to its property and for the Johnson County Register of Deeds to reform all deeds and remove any and all easements once held by the District. Third, TNC alleges that the defendants violated the Tennessee Consumer Protection Act ("TCPA"), *see* T.C.A. § 47-18-104(27) (2008), and fourth, TNC asserts a negligence per se claim against the individual defendants. The basis for subject matter jurisdiction is diversity, *see* 28 U.S.C. § 1332(a) (2008).

On June 7, 2007, the parties agreed to a preliminary injunction, [Doc. 27], enjoining the defendants and their agents from coming onto TNC's land and from causing damage to TNC's property. Before filing an answer, the defendants filed two motions to dismiss, [Docs. 32 and 35]. In this Court's February 5, 2008 order, the Court decided the defendants' first motion to dismiss, [Doc. 32], and this Court found that it had subject matter jurisdiction over the case based on diversity of citizenship and because the amount in controversy was met. This Court further found that TNC had standing to sue, and the Court dismissed Count 3, the violation of the Tennessee Consumer Protection Act claim and Count 4, the negligence *per se* claim. The remaining counts of the complaint include: 1) declaratory judgment that the District has been dissolved by operation of law, that the District's easements are, thus, extinguished, and that the Unformed District does not hold any property rights in the easements, and 2) quiet title action declaring TNC's property free and clear of any clouds and for the Johnson County Register of Deeds to reform the deeds.

In the second motion, [Doc. 35], the subject of this opinion, the defendants moved for dismissal pursuant to Fed. R. Civ. P. 12(b)(1), lack of subject matter jurisdiction, and (b)(7), failure to join a party under Fed. R. Civ. P. 19 or alternatively moved to require joinder of certain parties. The defendants argue that Fed. R. Civ. P. 19(a) requires the joinder of all property owners in the Shady Valley Watershed District, Johnson County, Tennessee, the County of Johnson County, Tennessee, the Johnson County Register of

Deeds, and the State of Tennessee. In addition, the defendants argue that the Complaint should be dismissed because the State of Tennessee is indispensable according to Fed. R. Civ. P. 19(b) and cannot be joined without destroying the Court's subject matter jurisdiction due to lack of complete diversity of citizenship.

Rule 19 a provides in pertinent part:

> (a) Persons Required to Be Joined if Feasible.
>
> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
>
> . . . .
>
> (b) When Joinder Is Not Feasible. If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:
>
> (A) protective provisions in the judgment;
>
> (B) shaping the relief; or
>
> (C) other measures;
>
> (3) whether a judgment rendered in the person's absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

"Assessing whether joinder is proper under Rule 19 is a three-step process." *Glancy v. Taubman Centers, Inc.*, 373 F.3d 656, 666 (6th Cir. 2004). These steps include: 1) whether the person or entity is a necessary party under the Rule 19(a) factors; 2) whether joinder of that necessary party will deprive the court of subject matter jurisdiction; and 3) if joinder is not feasible because it will eliminate the court's ability to hear the case, whether the court should dismiss the case because the absentee is indispensable according to the 19(b) factors. *Id.* "If a necessary party is not deemed indispensable pursuant to Rule 19(b), that potential party need not be joined and the action can proceed with the original litigants." *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 201 (6th Cir. 2001).

First, the defendants argue that under 19(a)(1), "the court cannot accord

complete relief among existing parties" in the absence of the Register of Deeds of Johnson County ("the Register"). The complaint prays for an order requiring the Register "to take all actions necessary to reform all deeds, easement grants, or any portion thereof, to property owned in fee simple by [TNC] in Johnson County, Tennessee, to remove any and all easements in favor of the [District]." TNC argues that the Register is not a necessary party because the complaint only asks for an order directing the Register to perform his or her duties as a ministerial agent of the government. Because the complaint specifically seeks an order directing the Register to perform a particular action in this case, complete relief, i.e. reforming the deeds or easement grants and removing any easements, could not be granted in the Register's absence. Thus, it is hereby **ORDERED** that TNC has up to and including February 25, 2008, to either amend its complaint removing the specific prayers for relief relating to the Register or join the Register as a defendant.

Second, the defendants argue that all landowners in the Shady Valley area, the State of Tennessee, and Johnson County are necessary parties under Rule 19(a)(2)(i) because the three claim an interest relating to the subject of this action and disposing of the action in their absence may impede their abilities to protect their interests. The defendants claim that the subject of this action is essentially the interest in preventing flooding in the Shady Valley area, and they claim that TNC has "increas[ed] the propensity for flooding" by clogging tributaries and tearing out laterals along

5

Beaverdam Creek. Thus, the defendants argue that the landowners of Shady Valley, the State of Tennessee, and Johnson County have an interest in the subject of the litigation and state that they "will suffer grave injury if the easements are extinguished and [TNC] is allowed to destroy the flood control system created by the District." Further, the defendants argue that the state and county have competing interests in the easements if the District is held to have been abolished by operation of law.

TNC argues that the action "at its heart is a quiet title action to determine the existence and right of the Defendants to enter onto [TNC's] land." This Court agrees with TNC in that the ultimate cause in this case is to determine the validity of the easements on TNC's property, no other Shady Valley property owner's rights. Thus, this Court FINDS that even though the state and the county have general interests in flood control and Shady Valley landowner's have an interest in whether their properties flood, these interests do not relate to the subject of the action. Accordingly, this Court FINDS that the state, the county, and the landowners are not necessary parties to the action. In addition, the defendants claim that the District is a quasi-governmental entity, as such, the District will accordingly adequately represent the state and county's interests in accordance with its purpose as an extension of the government.

Furthermore, assuming *arguendo* that the subject of the action is flood control, the absence of the state, the county, and the landowners does not impair or impede

their ability to protect that interest. The state and county can exercise their governmental powers and implement the programs necessary regarding flood control. *See* T.C.A. § 64-3-101 *et seq.*; *id.* § 58-2-103; *id.* § 5-2-119. Moreover, the landowners can take the necessary steps to form another watershed district or use another alternative. *See id.* §§ 69-6-103 through 69-6-117. In addition, if the District is declared dissolved by operation of law, the state and county will not be impaired or impeded in protecting their possible reversionary rights in the easements, if any.

Regarding the state only, the defendants argue that the State has an interest in "protecting the legislative scheme it has enacted for challenges to the existence of a public corporation," i.e. the District. In this Court's February 5, 2008 Memorandum Opinion and Order, this Court fully explained why the ultimate cause of this case is a private action and not an action which can only proceed in *quo warranto*. Based on the reasons set forth in that Order, this argument of the defendants must fail.

For the reasons set forth above, this Court FINDS that complete relief cannot be granted in the Register's absence. Thus, it is hereby **ORDERED** that TNC has up to an including February 25, 2008, to either amend its complaint removing the specific prayers for relief relating to the Register or join the Register as a defendant. This Court also FINDS that the Shady Valley landowners, the state, and the county are not necessary parties and shall not be joined in this action. It is further **ORDERED** that the defendants shall have up to and including March 3, 2008, to answer the complaint.

In addition, it is **ORDERED** that a scheduling conference will be held in this matter on March 12, 2008, at 1:30 p.m.

    ENTER:

                                                  s/J. RONNIE GREER
                                        UNITED STATES DISTRICT JUDGE